UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| ALEXANDRA PETRUCCI,<br>    Plaintiff,<br><br>    v.<br><br>ALLSTATE FIRE AND CASUALTY<br>INSURANCE COMPANY,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

No. 24-cv-205-JJM-AEM

## ORDER

Plaintiff Alexandra Petrucci has filed breach-of-contract and bad-faith claims against her former insurance company, Defendant Allstate Fire and Casualty Insurance Company ("Allstate"). ECF No. 1 at 6-9. She now moves for partial summary judgment on the issue of liability on her breach-of-contract claim. ECF No. 34. Allstate opposes Ms. Petrucci's motion and argues, among other things, that it was untimely filed. ECF No. 36 at 3-4.

Allstate's position is correct. In a pretrial scheduling order, the Court initially instructed the parties to file dispositive motions in this case by June 20, 2025. *See* Pretrial Scheduling Order (Aug. 22, 2024). This deadline was first extended to August 19, 2025, pursuant to a joint motion by the parties. *See* ECF No. 17; Text Order (Feb. 21, 2025). Ms. Petrucci thereafter moved for a second extension of the scheduling order deadline (ECF No. 23), which the Court also granted. *See* Text Order (Apr. 21, 2025). The new deadline for dispositive motion was set for December 5, 2025. *Id.*

A few months later, Ms. Petrucci moved for a third extension of the scheduling order deadline.  ECF No. 27.  Once again, the Court granted that motion and set the new dispositive motions deadline for March 5, 2026.  *See* Text Order (July 23, 2025). This time, the Court clearly stated that "No Further Extensions of this Deadline will be Granted."  *Id.*

March 5th came and went without either party filing a motion or requesting another extension of the deadline.  Indeed, the Court issued a trial order the very next day, instructing the parties to meet and confer in anticipation of trial.  *See* ECF No. 33.

Remarkably, on March 9, 2026, Ms. Petrucci filed a Motion for Partial Summary Judgment.  ECF No. 34.  The motion failed to provide the Court with any explanation for her untimely filing.  It was not until Allstate pointed out this issue in its Response, *see* ECF No. 36 at 3-4, that Ms. Petrucci's counsel acknowledged the motion's untimeliness and stated that it was due to "inadvertence and a calendaring error."  ECF No. 38 at 1.  Even so, Ms. Petrucci contends that the Court should rule on the substance of her motion because "the late filing did not prejudice [Allstate]." *Id.*

Ms. Petrucci's position is not well taken.  It is well established that the Federal Rules of Civil Procedure "endow trial judges with formidable case-management authority," and "[t]his authority specifically includes—indeed, mandates—setting deadlines for the filing of pretrial motions."  *Rosario-Diaz v. Gonzalez*, 140 F.3d 312, 315 (1st Cir. 1998) (citing Fed. R. Civ. P. 16(b)(2)); *see also Perez-Cordero v. Wal-*

*Mart P.R.*, 440 F.3d 531, 533 (1st Cir. 2006). "In the era of burgeoning case loads and thronged dockets," these deadlines are indeed "an essential tool for handling civil litigation." *Tower Ventures, Inc. v. Westfield*, 296 F.3d 43, 45 (1st Cir. 2002). "What is more, litigants have an unflagging duty to comply with clearly communicated case-management orders." *Rosario-Diaz*, 140 F.3d at 315.

"[A] litigant who ignores a case-management deadline does so at [her] peril." *Id.* (citing Fed. R. Civ. P. 16(f)). "Consequently, when noncompliance occurs, the court may choose from a broad universe of possible sanctions." *Tower Ventures*, 296 F.3d at 46. Among these sanctions is "the preclusion of untimely summary judgment motions . . . ." *Rosario-Diaz*, 140 F.3d at 315 (citing *Guzmán-Rivera v. Rivera-Cruz*, 98 F.3d 664, 668 (1st Cir. 1996)); *see also Kam-O'Donoghue v. Tully*, No. 16-11054-MLW, 2018 WL 2163664, at *33 (D. Mass. Mar. 29, 2018), *report and recommendation adopted in part and modified in part*, 2019 WL 4273686, at *1 (D. Mass. Sept. 10, 2019) (striking defendant's cross motion for summary judgment because it was untimely filed and defendant offered "no compelling explanation for [his] delinquency"); *Bradley v. Cruz*, No. 1:13-cv-12927-IT, 2017 WL 3238228, at *2 (D. Mass. July 31, 2017) (denying defendant's motion for summary judgment as untimely filed).

In this case, the Court finds denial of Ms. Petrucci's motion to be warranted. The Court previously extended the parties' deadline to file dispositive motions three separate times. It was also made clear that the Court would not be granting any further extensions. Ms. Petrucci nevertheless filed her Motion for Partial Summary

3

Judgment four days after the deadline's expiration. This filing was not accompanied by so much as an explanation for Ms. Petrucci's noncompliance with the scheduling order.

In her Reply, Ms. Petrucci asks the Court to pay no mind to this issue because "the late filing did not prejudice [Allstate]." ECF No. 38 at 1. However, while prejudice to the opposing party is relevant to a litigant's request to modify the scheduling order, it "is not the dominant criterion." *O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 155 (1st Cir. 2004) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992)); *see* Fed. R. Civ. P. 16(b). Here, Ms. Petrucci did not even request another extension of the scheduling order deadline before she filed her motion.

The First Circuit has further observed that "violation of a scheduling order may be excused if good cause exists for the offender's failure to comply." *Tower Ventures*, 296 F.3d at 46-47 (citing *Robson v. Hallenbeck*, 81 F.3d 1, 3 (1st Cir. 1996)). Ms. Petrucci's counsel[1] offers that "the late filing was due to inadvertence and a calendaring error." ECF No. 38 at 1. Unfortunately, this does not provide a "compelling explanation for [the] delinquency." *Rosario-Diaz*, 140 F.3d at 315; *see also Tower Ventures*, 296 F.3d at 47 (holding that plaintiff's attorney's reason for

---

[1] The Court recognizes that this error cannot fairly be attributed to Ms. Petrucci herself. Nevertheless, "[a]ttorneys represent clients, and as a general rule an attorney's blunder binds her client." *Rosario-Diaz*, 140 F.3d at 315 (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-36 (1962); *Thibeault v. Square D Co.*, 960 F.2d 239, 246 (1st Cir. 1992)).

missing a scheduling deadline due to "unexpected delays" was a "conclusory reply [that] was wholly uninformative" and "explain[ed] nothing").

The Court's scheduling orders must be enforced, and the Court will not permit unexcused procrastination. Accordingly, for the reasons stated, the Court DENIES Ms. Petrucci's Motion for Patrial Summary Judgment as untimely filed. ECF No. 34.

Trial will be set for this fall.


IT IS SO ORDERED.


*s/John J. McConnell, Jr.*

_____
JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

April 8, 2026